UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wilbert Glover, | Civ. No. 18-0285 (DWF/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Matt Bostrom; Dave Metusalem; Koe Paget, #9; and Sargeant Richard Rodriguez, | |
| Defendants. | |

Plaintiff Wilbert Glover did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* Doc. No. 2. Because Glover is a prisoner, he is required to pay an initial partial filing fee before proceeding in this action; the amount of that initial partial filing fee is calculated from the average deposits to and the balance of his prison trust account during the six months. *See* 28 U.S.C. § 1915(b). Based on the financial information provided by Glover (and authorized as accurate by prison officials), this Court earlier set an initial partial filing fee of $74.50 in this matter. *See* Doc. No. 3. Glover later objected to the amount of the initial partial filing fee, *see* Doc. No. 5, but without compelling evidence that the financial information authorized by prison officials was erroneous, this Court was without authority to alter the amount of the fee, *see* Doc. No. 6.

Glover now submits evidence strongly suggesting that *both* the amount of the average monthly deposits *and* the amount of the average balance of his prison trust

account originally reported by prison authorities was erroneous. First, a prison official has acknowledged that the average monthly deposits to Glover's account was in fact $23.78, not $142.57 as originally reported. *Compare* Doc. No. 2 at 6 *with* Doc. No. 7-1 at 2. Second, Glover plausibly explains that the method used by prison officials to calculate his average balance was erroneous and substantially overstated the true average balance amount. *See* Doc. No. 7 at 5-6.

This Court finds the evidence submitted by Glover compelling. Based on that evidence, Glover's initial partial filing fee in this case, under the formula prescribed by § 1915(b)(1), will be 20% of the corrected average deposits amount, or $4.76. If Glover does not pay the initial partial filing fee of $4.76 within 20 days of the date of this order, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b). Finally, Glover is again advised that this amount reflects only his *initial* partial filing fee, and that, should he elect to prosecute this action, prison officials will be authorized to deduct the remainder of the $350.00 statutory filing fee from his prison trust account in installments over time.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Wilbert Glover must pay an initial partial filing fee of at least $4.76 within 20 days of the date of this order.

2. Should Glover fail to pay the initial partial filing fee, it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Dated: April 16, 2018         *s/ Becky R. Thorson*
                  BECKY R. THORSON
                  United States Magistrate Judge