## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Wilbert Glover,

        Plaintiff,

v.

Matt Bostrom, Dave Metusalem, Joe
Paget, #9, Sergeant Richard Rodriguez,
Greg Croucher, County of Ramsey Sheriff
Manager's Office,

        Defendants.

Civ. No. 18-285 (NEB/BRT)

**REPORT AND
RECOMMENDATION**

---

Wilbert Glover, OID 262673, MCF-Faribault, 1101 Linden Lane, Faribault, MN 55021,
*pro se* Plaintiff.

Kimberly R. Parker, Esq., and Robert B. Roche, Esq., Ramsey County Attorney's Office,
counsel for Defendants.

---

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on a Motion to Dismiss filed by Defendants Matt

Bostrom, Dave Metusalem, Joe Paget, Richard Rodriguez, and the County of Ramsey

Sheriff Manager's Office[1] (the "Ramsey County Defendants").[2] (Doc. No. 20.) In

---

[1]    The Ramsey County Defendants argue, and this Court agrees, that the County of
Ramsey Sheriff Manager's Office is not a suable entity. *See, e.g.*, *Jones v. Brown Cnty.
Family Servs.*, Civil No. 11-568 (SRN/FLN), 2011 WL 3165052, at *1 (D. Minn. June
30, 2011). Defendants also argue that Ramsey County is the only valid County Defendant
in this case, and Ramsey County has now appeared in this matter through counsel. (*See*
Ramsey Cnty. Defs.' Mem. 1 ("In lieu of an answer, Ramsey County and all Defendants
(Footnote Continued on Next Page)

opposition, Plaintiff filed a Motion to Dismiss Defendants' Motion to Dismiss. (Doc.

No. 27.) For the reasons stated below, this Court recommends that Defendants' motion be

granted in part and denied in part, and Plaintiff's motion be denied.

## I.    Plaintiff's Allegations

*Pro se* Plaintiff Wilbert Glover filed this lawsuit on January 30, 2018. (Doc. No. 1,

Compl.) In his initial Complaint, Plaintiff alleged that he was subjected to racial slurs and

racial harassment while he was in custody at the Ramsey County Adult Detention Center

("ADC"), and that his grievances were not addressed. (*Id.* at 4.) Plaintiff attached several

grievances, filed between 4/15/16 and 12/18/16, as exhibits to his complaint. (*See* Doc.

No. 1-1 at 1, 3–5, 9–11, 13–14, 16–17, 19–20, 26–28, 31–33.) One grievance, for

example, states that a female officer called Plaintiff a "f**king n***er" and that the same

officer had used "inappropriate language in the past to me." (*Id.* at 3.) Plaintiff also

attached three grievances that were filed by other inmates at the Ramsey County ADC.

(*Id.* at 21, 23–24.) Finally, Plaintiff attached a 9/16/16 Charge of Discrimination that he

filed with the Minnesota Department of Human Rights. (*Id.* at 7–8.) Plaintiff named Matt

---

(Footnote Continued From Previous Page)
allegedly affiliated with Ramsey County moves this Court, pursuant to Fed. R. Civ. P.
12(b)(6), for an order dismissing the claims against them."); *Id.* at 12.) Therefore, this
Court recommends that Ramsey County be substituted for County of Ramsey Sheriff
Manager's Office as a Defendant in this action.

2     The other named Defendant, Greg Croucher, is not a Ramsey County employee,
and the Ramsey County Defendants "take no position regarding any claims asserted
against Mr. Croucher." (Doc. No. 22, Ramsey County Defs.' Mem. 2 n.2.) Croucher has
not been served and has yet to appear in this action.

Bostrom,[3] Dave Metusalem, Joe Paget, and Richard Rodriguez as Defendants. (*Id.* at 2–3.) Plaintiff did not specify whether he is suing these individuals in their individual or official capacities. (*See* Compl., Doc. No. 1-1.)

On June 28, 2018, Plaintiff filed an Amended Complaint, listing the Ramsey County Sheriff Managers Office and Greg Croucher, Inspection Enforcement for Ramsey County Adult Detention Center, as additional Defendants. (Doc. No. 15, Am. Compl. 1.) Plaintiff attached five grievance forms, filed between 5/2/16 and 11/11/16, as exhibits to his Amended Complaint. (*Id.* at 4–8.) Four of the grievances complain about the use of racially offensive language. (*Id.* at 4 ("I ask this new officer for some grievances he said all you n***er are the same"); *id.* at 5–7.) Two of the grievances include concerns about the availability of clean socks and underwear. (*Id.* at 5–6.) The last grievance is about the lack of hot water in the shower. (*Id.* at 8.) In his Amended Complaint, Plaintiff specified that he is suing Croucher in his personal and official capacity. (*Id.* at 2.)

II.    **Analysis**

A.    **Standard of Review**

When analyzing whether dismissal is warranted under Rule 12(b)(6) for failure to state a claim, a court generally must limit its inquiry to the pleadings, though "it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014) (quoting *Porous Media Corp. v.*

---

[3]    Bostrom was Ramsey County Sheriff from January 2011 until 2017.

*Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). A court must accept the factual

allegations in the complaint as true and draw all reasonable inferences in the plaintiff's

favor; however, it need not accept "mere conclusory statements," including legal

conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014); *Carton v. Gen. Motor*

*Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

To withstand dismissal under Rule 12(b)(6), a pleading must contain "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw a reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a

complaint states a plausible claim for relief is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

## B.    Amended Complaint

Defendants argue that the Amended Complaint is the operative complaint in this

matter, and the Court should therefore ignore the allegations in Plaintiff's original

pleading. Defendants are correct, as a general matter, that "an amended complaint

supercedes an original complaint and renders the original complaint without legal effect."

*In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). In

the context of *pro se* litigation, however, courts have allowed an amended complaint to

supplement the original. *See, e.g.*, *Williams v. Aldridge*, Civil No. 6:13-cv-6004, 2014

WL 504874, at *2 (W.D. Ark. Feb. 7, 2014) ("[P]ro se documents are to be liberally

construed. For purposes of this motion, I will assume that Plaintiff meant the amended complaint to supplement the original complaint.").

The first page of Plaintiff's Amended Complaint includes the heading "Amend/Addendum," and the Amended Complaint goes on to state that the "Additional Defendants" being named in the Amended Complaint, Croucher and the Ramsey County Sheriff Managers Office, have "corroborating evidence" of differential treatment and hostile environment. (Am. Compl. 2.) Therefore, it seems clear that Plaintiff's Amended Complaint was intended to supplement, not supplant, his original Complaint. *See, e.g.*, *Ford v. Donovan*, 891 F. Supp. 2d 60, 62 (D.D.C. 2012) ("Instead of superceding his original Complaint, as a typical Amended Complaint does, this later pleading supplements it. Given his *pro se* status, the Court will treat the combined pleadings as one joint Complaint."). This Court will treat the Complaint and Amended Complaint as one joint Complaint. (Doc. Nos. 1, 1-1, 15.)

### B.      Racially Offensive Language: Equal Protection Clause

Plaintiff complains that officers at the Ramsey County ADC harassed him with racially offensive language. Courts including the Eighth Circuit have held that "[v]erbal abuse by correctional officials, even the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination 'unless it is pervasive or severe enough to amount to racial harassment.'" *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (quoting *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002)); *see also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory

language, while unprofessional and deplorable, does not violate the Constitution."). As

one court explained:

> [A]n officer's use of a racial epithet, without harassment or some other
> conduct that deprives the victim of established rights, does not amount to a
> equal protection violation . . . . The use of an epithet is . . . strong evidence
> that a comment or action is racially motivated. The question in the equal
> protection context, however, is not just whether the conduct is racially
> motivated but also whether that action deprives a person of 'equal
> protection of the laws.' U.S. Const. amend. XIV. Where the conduct at
> issue consists solely of speech, there is no equal protection violation.

*Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999); *see also Blades*, 302 F.3d at 805

(citing *DeWalt*, 224 F.3d at 612, and *Williams*, 180 F.3d at 705–06).

In this Court's view, however, Plaintiff's allegations go beyond the mere use of

racially offensive language. Instead, Plaintiff alleges that the Ramsey County Defendants

refused to consider his various grievances because of his race. For example, Plaintiff

alleges the following:

> On April 15, 2016, I, Wilbert Glover . . . complained about out date milk
> and Sheriff Officer Lady # Badge 730 said to me you f***ing n***er it
> always something . . . On April 17, 2016 Sheriff Officer Lady # Badge 968
> hair with long pony tail stated to me and other inmates 'I am trying to work
> with you dump ass n***ers about this milk file grievance to the kitchen . . .
> . The next day April 18, 2016 about 5:00 a.m. Unit 5B Sheriff Officer
> Lady # Badge 968 with long pony tail 'said she can't do shit about the milk
> yo n***ers shouldn't be in jail file a grievance.' All three grievances
> complaints went to Dave Metusalem under Sheriff—nothing was done, I
> believe my race was a major factor in the Sheriff Officers and under Sheriff
> actions.

(Doc. No. 1-1 at 2.) Plaintiff's allegations that describe the use of racially offensive

language is evidence that Defendants denied Plaintiff's rights under the prison grievance

system due to his race. "[D]eliberate racial discrimination in the administration of a

6

prison violates the Equal Protection Clause even where the underlying privilege does not

constitute a liberty or property interest. Plaintiff has alleged deliberate racial

discrimination in the administration of the grievance program . . . . This is sufficient to

state a viable claim." *McIntosh v. Lindsey*, Case No. 16-cv-927-SMY, 2017 WL

1132642, at \*3 (S.D. Ill. Mar. 27, 2017); *see also DeWalt*, 224 F.3d at 613 ("For

example, if prison officials were to allocate T.V. time, visitation privileges, prison jobs,

or any of the other privileges prisoners enjoy, on an otherwise illegal or discriminatory

basis, their actions would be unconstitutional even though such privileges do not

constitute liberty or property interests."). Therefore, the Court finds that Plaintiff has

stated an actionable equal protection claim.

### C.    Conditions of Confinement: Eighth Amendment

To establish that a prisoner's conditions of confinement violate the Eighth

Amendment, the prisoner must show that (1) the alleged deprivation is objectively,

sufficiently serious, resulting in the denial of the minimal civilized measure of life's

necessities, and (2) the prison officials were deliberately indifferent to an excessive risk

to inmate health or safety, meaning that the officials actually knew of and disregarded the

risk. *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (citing *Farmer v. Brennan*, 511

U.S. 825, 834 (1994)).

Plaintiff filed a grievance stating that on two separate days, there were not enough

clean socks and underwear for all of the inmates. (Doc. No. 15 at 5.) In a later grievance,

Plaintiff complained again about not receiving socks and underwear, writing "I am not

going to run to the cart like an animal to get some sock and underwear." (*Id.* at 6.)

7

Plaintiff also filed a grievance about the lack of hot water in the shower. (*Id.* at 8.) The

grievance response indicates that a work order was placed to repair the shower. (*Id.*)

These allegations fall short of meeting the objective standard for an Eighth Amendment

claim. To state a viable conditions of confinement claim, Plaintiff must allege facts which

demonstrate that he suffered "extreme deprivations," meaning that he was denied the

"minimal civilized measure of life's necessities." *Schoelch v. Mitchell*, 625 F.3d 1041,

1047 (8th Cir. 2010). The deprivations described by Plaintiff—no clean socks or

underwear for a couple for a limited number of days and cold water in the shower—are

not extreme. *See, e.g.*, *Huggins v. Brassell*, No. 5:08CV216 JMM, 2009 WL 856869, at

*3 (E.D. Ark. Mar. 27, 2009) ("If Plaintiffs were denied a change of clothes, clean

underwear, socks, towels, and soap, such a denial, for the limited days described, does

not amount to a constitutional violation.") (collecting cases); *see also Lopez v. Robinson*,

914 F.2d 486, 493 (4th Cir. 1990) (no clearly established right to hot water in prison);

*Preston v. Smith*, 750 F.2d 530, 534–35 (6th Cir. 1984) (no constitutional violation where

prisoner alleged segregation cell lacked mattress or hot water). Therefore, Plaintiff's

allegations fail to state a claim under the Eighth Amendment.

### D.    Official Capacity Claims

The individual Ramsey County Defendants argue that the claims against them

should be dismissed because Plaintiff failed to specify whether he is suing them in their

individual or official capacities. An official may be sued in his or her individual or

official capacity, or both, in actions filed pursuant to 42 U.S.C. § 1983. The Eighth

Circuit requires that plaintiffs specifically plead the capacities in which they are suing

defendants in order to ensure proper notice of liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Therefore, when a plaintiff fails to state whether he is suing an official in his individual or official capacity, the Eighth Circuit construes the claim to be against the official in his official capacity only. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Id.*

Some courts, however, have liberally construed *pro se* complaints as suing Defendants in their individual capacities. *See, e.g.*, *Chestang v. Trotter*, 5:16CV00198-BSM-JTK, 2017 WL 2390545, at *3 (E.D. Ark. Apr. 13, 2017); *Andrews v. Ferguson*, Civil No. 09-5080, 2010 WL 3853070, at *7 (W.D. Ark. Aug. 30, 2010); *Prichard v. Phillips*, No. 04 CV 4089, 2006 WL 401785, at *3–4 (W.D. Ark. Jan. 19, 2006). This Court agrees with the approach in these cases. Plaintiff should not be penalized for failing to understand subtle pleading technicalities, and the individual Defendants will not be prejudiced because this case is at an early stage, and they are now on notice that they may be subject to personal liability. *See Andrews*, 2010 WL 3853070, at *7 ("The distinctions between individual and official capacities claims are at times difficult for even those with legal training to make. Given the duty of the court to liberally construe *pro se* pleadings and the fact that it does not appear defendants will be unfairly prejudiced in any way, we will construe the complaint as asserting individual capacity claims against the defendants."); *Prichard*, 2006 WL 401785, at *4 (reasoning that the plaintiff "is without legal expertise and he prepared his own pleading. For this reason, despite the teaching of

the Eighth Circuit cases that require a plaintiff to specifically plead an individual capacity claim, we construed Prichard's complaint to be asserting both individual and official capacity claims"). Accordingly, Plaintiff's surviving equal protection claim is construed as an individual capacity claim.

### E.    *Monell* **Claim**

To the extent that Plaintiff is pursuing claims against Ramsey County (or against the individual Ramsey County Defendants in their official capacities), Plaintiff must allege facts that demonstrate that Ramsey County had a policy or custom that led to the violation of his constitutional rights. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978); *see also Davison v. City of Minneapolis*, 490 F.3d 648, 659 (8th Cir. 2007) (finding that a city "may be held liable under section 1983 . . . if one of its customs or policies cause the violation of" the plaintiff's constitutional rights). Plaintiff does not allege any facts which would demonstrate the existence of a policy or custom that caused the alleged equal protection violation. Therefore, this Court will recommend dismissal of any claims against Ramsey County. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (explaining that a plaintiff that "alleged no facts in his complaint that would demonstrate the existence of a policy or custom by [the municipality] that caused [the alleged] deprivation" fails to state a *Monell* claim).

## III.   Conclusion

As discussed herein, this Court recommends that Defendants' Motion to Dismiss be granted in all respects except for Plaintiff's equal protection claim against the individual Ramsey County Defendants in their individual capacities.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1.   Ramsey County be substituted for County of Ramsey Sheriff Manager's

Office as a Defendant in this action;

2.   Defendants' Motion to Dismiss (Doc. No. 20) be **GRANTED IN PART**

and **DENIED IN PART** as explained above; and

3.   Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss (Doc. No. 27)

be **DENIED**.


Date: October 18, 2018           *s/ Becky R. Thorson*_____
                                 BECKY R. THORSON
                                 United States Magistrate Judge



## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).