# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILBERT GLOVER, | Case No. 18-CV-285 (NEB/BRT) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| MATT BOSTROM, DAVE METUSALEM, JOE PAGET, #9, SERGEANT RICHARD RODRIGUEZ, GREG CROUCHER, COUNTY OF RAMSEY SHERIFF MANAGER'S OFFICE, | |
| Defendants. | |

This matter comes before the Court on a Motion to Dismiss [ECF No. 20] filed by Defendants Matt Bostrom, Dave Metusalem, Joe Paget, Richard Rodriguez, and the County of Ramsey Sheriff Manager's Office (the "Ramsey County Defendants"), and the "Motion to Dismiss Defendants' Motion to Dismiss" [ECF No. 27] filed by Plaintiff Wilbert Glover ("Glover"). In a Report and Recommendation dated October 18, 2018 [ECF No. 35 ("R&R")], United States Magistrate Judge Becky R. Thorson recommended that (1) Ramsey County be substituted for County of Ramsey Sheriff Manager's Office as a defendant in this action; (2) the Ramsey County Defendants' motion to dismiss be granted in part and denied in part; and (3) Glover's "Motion to Dismiss Defendants' Motion to Dismiss" be denied. Glover filed an objection to the R&R. [ECF No. 37 ("Pl.'s

1

Obj.").] The Ramsey County Defendants filed a response to Glover's objection.[1] [ECF No. 40.] For the reasons set forth below, the Court overrules Glover's objection and accepts the R&R.

**BACKGROUND**

Glover, a *pro se* plaintiff, filed this action on January 30, 2018, against Matt Bostrom,[2] Dave Metusalem, Joe Paget, and Richard Rodriguez, alleging that he was subjected to racial slurs and racial harassment while in custody at the Ramsey County Adult Detention Center ("ADC"), and that his grievances were not addressed. [ECF No. 1 ("Compl.") at 2–5.[3]] Glover attached several grievance forms and other documents as exhibits to his Complaint. [ECF No. 1-1 ("Compl. Ex.").] On June 28, 2018, Glover filed an Amended Complaint, naming the Ramsey County Sheriff Manager's Office and Greg Croucher, Inspection Enforcement for ADC, as additional defendants.[4] [ECF No. 15 ("Am. Compl.").] Glover attached five grievance forms as exhibits to his Amended Complaint. Four grievances complain about the use of racially offensive language, two

---

[1] Glover filed a second objection that does not address the merits of the R&R, but rather addresses correspondence he received from defense counsel. [ECF No. 41.]

[2] Bostrom was Ramsey County Sheriff from January 2011 until 2017.

[3] When referencing complaint documents, CM/ECF pagination is used.

[4] At the time the R&R was issued, Croucher had not yet been served. Since that time, counsel has entered an appearance on Croucher's behalf. [ECF No. 42.]

2

grievances complain about the availability of clean socks and underwear, and one grievance complains about the lack of hot water in the shower. (*Id.* at 4–8.)

The Ramsey County Defendants filed a motion to dismiss Glover's Amended Complaint. In response, Glover filed a "Motion to Dismiss Defendants' Motion to Dismiss." In the R&R on these motions, Magistrate Judge Thorson recommended that Ramsey County be substituted for County of Ramsey Sheriff Manager's Office as a defendant in this action, (R&R at 1 n.1), and treated the Complaint and Amended Complaint as one joint Complaint. (*Id.* at 5.) Magistrate Judge Thorson found that Glover's allegations describing the use of racially offensive language supported the assertion that his rights under the prison grievance system were denied due to his race, thereby stating an actionable equal protection claim. (*Id.* at 6–7 (citing *McIntosh v. Lindsey*, No. 16-cv-927-SMY, 2017 WL 1132642 at *3 (S.D. Ill. Mar. 27, 2017).) The Magistrate Judge read Glover's *pro se* complaint liberally to construe the equal protection claim against the individual Ramsey County Defendants to be in their individual capacities, rather than their official capacities. (*Id.* at 9–10 (collecting cases).) The Magistrate Judge also recommended that Glover's motion to dismiss be denied. (*Id.* at 11.) No party objects to these findings and recommendations in the R&R, and the Court finds them to be well supported in law and fact.

Glover raises objections to the Magistrate Judge's findings that (1) his allegations about the conditions of his confinement fail to state a claim under the Eighth Amendment,

and (2) he failed to state a claim against Ramsey County or the individual Ramsey County Defendants in their official capacities. (R&R at 7–8, 10.) The Court will review *de novo* those portions of the R&R to which objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* D. Minn. L.R. 72.2(b)(3).

## ANALYSIS

### I.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for failure to state a claim upon which relief can be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a Rule 12(b)(6) motion to dismiss, a court must "tak[e] all facts alleged in the complaint as true, and mak[e] reasonable inferences in favor of the nonmoving party." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court "is not limited to the allegations in the complaint, but may also consider materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Smithrud*, 746 F.3d at 397 (citation and quotation marks

4

omitted). *Pro se* complaints are to be construed liberally, but must allege sufficient facts to support the claims advanced. *Stringer v. St. James R–1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

II. **Eighth Amendment Claim**

To establish that his conditions of confinement violate the Eighth Amendment, Glover "must show that (1) the alleged deprivation is objectively, sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities, and (2) that the prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning that the officials actually knew of and disregarded the risk." *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (citation and internal quotations omitted); *see Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (plaintiff must allege "extreme deprivations … to make out a conditions-of-confinement claim."). "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society;" "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9 (citations and internal quotations omitted).

The grievances attached to Glover's Amended Complaint allege (1) a shortage of underwear and socks for inmates on two occasions, (2) that Glover did not receive socks and underwear on one occasion because he was "not going to run to the cart like an animal to get some sock [*sic*] and underwear," and (3) a lack of hot water in the shower

5

on one occasion. (Am. Compl. at 5, 6, 8.) Regarding the lack of hot water, the grievance response indicates that a work order was placed to repair the shower. (*Id.* at 8.)[5] The Court concludes that Glover's allegations of two occasions of lacking socks and underwear, having to obtain socks and underwear from a cart, and one occasion of a shower without hot water, do not allege extreme deprivation required for an Eighth Amendment claim. *See O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (holding prisoner was not denied "the minimal civilized measures of life's necessities" where deprived of underwear, blankets, mattress, exercise and visits for several days) (citation omitted); *Lopez v. Robinson*, 914 F.2d 486, 492 (4th Cir. 1990) ("[T]here is no clearly established, sufficiently contoured, right to hot showers in prison."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) ("[T]here is no constitutional right to hot water."); *Huggins v. Brassell*, No. 5:08CV216 JMM, 2009 WL 856869, at *3 (E.D. Ark. Mar. 27, 2009) ("If Plaintiffs were denied a change of clothes, clean underwear, socks, towels, and soap, such a denial, for the limited days described, does not amount to a constitutional violation.") (collecting

---

[5] In support of his objections, Glover submits new exhibits alleging facts not alleged in his Complaint or Amended Complaint. (*See* Pl.'s Obj. and ECF No. 37-1 (including inmate request forms and grievance forms alleging sexual harassment and barriers to attending religious services, as well as internal affairs statements made by other inmates).) Because a Rule 12(b)(6) motion is to "succeed or fail based upon the allegations contained in the face of the complaint," *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992), the Court will not consider these new facts and allegations. *See Holly v. Anderson*, No. 04-CV-1489 JMR/FLN, 2008 WL 1773093, at *3 n.2 (D. Minn. Apr. 15, 2008) (declining to consider new facts and allegations in connection with a motion to dismiss, noting the plaintiff had been allowed to proceed using two complaints rather than filing an amended complaint).

cases). Thus, Glover fails to state a conditions of confinement claim under the Eighth Amendment.

### III. *Monell* Claim

Glover objects to the Magistrate Judge's recommendation that any claims against the Ramsey County Defendants in their official capacities be dismissed. (R&R at 10.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). Thus, the allegations against the individual Ramsey County Defendants in their official capacities are deemed as having been brought against their employer, Ramsey County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official.").

Under *Monell*, a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. at 694. "In order to state a claim for municipal liability under § 1983, a plaintiff must plead facts demonstrating that the defendants violated a constitutional right either 'pursuant to official municipal policy' or as part of 'a custom or usage with the force of law.'" *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (citations omitted). "Misconduct among a municipality's employees must be 'continuing, widespread, [and] persistent' to establish such a custom. In addition, the municipality will not be liable unless policymaking officials exhibit '[d]eliberate

7

indifference to or tacit authorization of such conduct ... after notice to the officials of that misconduct.'" *Id.* at 1075–76 (citations omitted). Glover does not identify or allege any facts indicating a municipal policy that caused the alleged equal protection violation.[6] He maintains, however, that he has alleged an unconstitutional municipal custom. (*See* Pl.'s Obj. at 5.) The Complaint and Amended Complaint allege that Glover was subjected to continued racial slurs and harassment by Ramsey County employees while in custody at ADC, that he filed grievances about the misconduct with various individual Ramsey County Defendants between April and December 2016, but his grievances were not addressed because of his race. While these allegations state an equal protection claim against the individual Ramsey County Defendants in their individual capacities, they do not allege misconduct that is sufficiently continuing, widespread, and persistent to establish a custom under *Monell*. Moreover, the facts alleged by Glover do not indicate that Ramsey County policymaking officials were deliberately indifferent to or tacitly authorized such conduct. For these reasons, the Court finds that Glover fails to state a *Monell* claim against Ramsey County.

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Glover's objections [ECF No. 37] and ACCEPTS the R&R [ECF

---

[6] While Glover attaches excerpts from the Minnesota Department of Corrections' grievance procedures to his Complaint, (Compl. Ex. at 34-35), he does not assert that these procedures are unconstitutional.

No. 35] as set forth above. IT IS HEREBY ORDERED THAT:

1. Ramsey County is SUBSTITUTED for County of Ramsey Sheriff Manager's Office as a Defendant in this action;

2. Defendants' Motion to Dismiss [ECF No. 20] is GRANTED IN PART and DENIED IN PART;

3. Plaintiff's "Motion to Dismiss Defendants' Motion to Dismiss" [ECF No. 27] is DENIED;

4. Defendant Ramsey County is DISMISSED from this action;

5. Plaintiff's Eighth Amendment claim is DISMISSED;

6. Plaintiff's Equal Protection claim against Defendants Matt Bostrom, Dave Metusalem, Joe Paget, and Richard Rodriguez in their official capacities is DISMISSED; and

7. Plaintiff's Equal Protection claim is the sole claim pending against Defendants Matt Bostrom, Dave Metusalem, Joe Paget, and Richard Rodriguez in their individual capacities.

Dated: February 5, 2019					BY THE COURT:

							s/Nancy E. Brasel
							Nancy E. Brasel
							United States District Judge