**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Wilbert Glover,

Plaintiff,

v.

Matt Bostrom, Dave Metusalem, Joe Paget, #9, Sergeant Richard Rodriguez, Greg Croucher, and County of Ramsey Sheriff Manager's Office,

Defendants.

Civ. No. 18-285 (NEB/BRT)

**ORDER**

---

This matter is before the Court on Defendant Croucher's April 29, 2022 letter asking for clarification on his status as a party. (Doc. No. 116.) On April 21, 2022, the Court issued its Amended Pretrial Scheduling Order following the Eighth Circuit Court of Appeals' decision to remand Plaintiff's case for further development of Plaintiff's claims for retaliation and violations of the Minnesota Human Rights Act ("MHRA"). (Doc. No. 115.) Defendant Croucher subsequently filed the letter at issue. He requests that the Court clarify that he is not a party to this matter on remand.

As background, Plaintiff brought this lawsuit alleging several detention center officials subjected him to racially discriminatory treatment. Plaintiff named several defendants, including Defendant Greg Croucher, an employee of the Minnesota Department of Corrections in its Inspection and Enforcement Division. (*See* Doc. No. 15.) In April 2019, the Court dismissed Defendant Croucher as a defendant when it

granted his motion to dismiss.[1] (Doc. No. 66.) The Court also granted the remaining Defendants' (i.e., the "Ramsey County Defendants") motion to dismiss (Doc. No. 51) and motion for summary judgment. (Doc. No. 105.) On appeal, Plaintiff challenged the District Court's orders regarding the Ramsey County Defendants at Docket Number 51 and Docket Number 105—but made clear that he was not "challenging the District Court's order granting Croucher's motion to dismiss" at Docket Number 66. (*Glover v. Bostrom*, No. 20-2884, Brief of Appellant at 20 n.61 (8th Cir. July 12, 2021).) Plaintiff then argued that the District Court failed to recognize his retaliation and MHRA claims "when it partially granted the *County* Defendants' motion to dismiss" and requested that the Eighth Circuit remand for further proceedings. (*Id.* at 10 (emphasis added).) On April 12, 2022, the Eighth Circuit issued an opinion remanding for further proceedings regarding Plaintiff's MHRA and retaliation claims. (Doc. No. 113 at 6.)

Plaintiff did not appeal the Court's dismissal of Defendant Croucher and clearly stated in his briefing to the Eighth Circuit that his MHRA and retaliation claims did not include Defendant Croucher. In addition, Plaintiff does not make MHRA or retaliation claims against Defendant Croucher in either of his Complaints or addendum; instead he alleges only that Defendant Croucher had knowledge "of indifferential treatment and

---

[1] The District Court granted Defendant Croucher's motion to dismiss after finding Plaintiff's Complaint failed to allege sufficient facts to demonstrate that Defendant Croucher had knowledge of the alleged detention conditions in the county detention facility and, in the alternative, that the detention conditions Defendant Glover alleged in his Complaint failed to state an Eighth Amendment claim. (Doc. No. 66.)

hostile environment." (Doc. No. 15 at 2.) Accordingly, Plaintiff's MHRA and retaliation claims are not made against Defendant Croucher.

Therefore, Defendant Croucher's letter request (Doc. No. 116) is **GRANTED**. The Court clarifies that Defendant Croucher is not a party to this matter on remand.

**SO ORDERED.**

Date: May 4, 2022.

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge