## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Wilbert Glover,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Matt Bostrom, Dave Metusalem, Joe Paget # 9, Sergeant Richard Rodriguez, and County of Ramsey Sheriff,<br><br>　　　　　　Defendants. | Civ. No. 18-285 (NEB/BRT)<br><br>**REPORT AND RECOMMENDATION** |

Wilbert Glover, *pro se* Plaintiff.

Robert B. Roche, Esq., Ramsey County Attorney, counsel for Ramsey County Defendants.

BECKY R. THORSON, United States Magistrate Judge.

　　This matter is before the Court on a motion to dismiss Plaintiff Wilbert Glover's 42 U.S.C. § 1983 retaliation claims and Minnesota Human Rights Act ("MHRA") claims filed by Defendants Matt Bostrom, Dave Metusalem, Joe Paget, Richard Rodriguez, and Ramsey County (the "Ramsey County Defendants"). (Doc. No. 121.) As procedural background, the Eighth Circuit remanded Plaintiff's case for further development of Plaintiff's claims for retaliation and violations of the MHRA. (Doc. No. 113.) After this Court issued its amended scheduling order, the Ramsey County Defendants filed a motion to dismiss, arguing in their accompanying memorandum that Plaintiff's retaliation claims fail to state a claim upon which relief can be granted under Fed. R. Civ. P.

12(b)(6) and that, because Plaintiff's sole remaining federal claims should be dismissed, Plaintiff's MHRA state law claims should be dismissed for lack of pendent jurisdiction. (*See id.*; Doc. No. 123, Ramsey Cnty. Defs.' Mem. in Supp. of Mot. to Dismiss Retaliation and MHRA Claims ("Defs.' Mem.").) For the reasons set forth below, this Court recommends that the Ramsey County Defendants' motion to dismiss be granted and Plaintiff's retaliation and MHRA claims—his sole remaining claims in this matter—be dismissed.

## I.   BACKGROUND

*Pro se* Plaintiff Wilbert Glover alleges in his Complaint[1] that, while he was detained at the Ramsey County Adult Detention Center ("ADC"), various correctional officers who are not Defendants in this matter subjected him to racial harassment, including use of racial epithets. As a result, he filed several internal grievances with Defendants.[2] Plaintiff alleges that Defendants violated § 363A.12 of the MHRA when they deleted, rejected, or failed to act upon his grievances based on racial discrimination. (*See* Doc. No. 1-1 at 2, 6, 12, 15, 25, 29–30.) Plaintiff further alleges that, along with ignoring his grievances, Defendants also retaliated against him for filing his grievances. (*See* Doc. No. 1-1 at 15; Doc. No. 4 at 1.) Specifically, Plaintiff alleges that Defendant

---

[1]   This Court construes Plaintiff's Complaint, Addendum, and Amended Complaint as one joint Complaint. (Doc. Nos. 1, 1-1, 4, 15.)

[2]   During the time that Plaintiff was detained at the ADC, Defendant Metusalem served as an Undersheriff of the Court Security Services Division of the Ramsey County Sheriff's Office, Defendant Paget and Rodriguez served as officers in the ADC, and Defendant Bostrom served as the Sheriff of Ramsey County. (*See* Doc. No. 104 at 3–4.)

Rodriguez and another unnamed officer threatened to place him in segregation and restraints for filing grievances:

> Rodriguez came to see me a few days after the appeal grievance . . . with another Sheriff Officer Badge #1001[.] They told me "we are going to take your old n***er a** to segregation boy[,] put into 'restraint chair' keep writing grievances on these sheriff officers[."] They took some of my kites that had administration response and motions paperwork for the court, Sergeant Rich Rodriguez stated "Let see how much you write in segregation n**er[.]"

(Doc. No. 1-1 at 15.) Plaintiff also alleges that Defendant Rodriguez threatened him with "physical violence." (*Id.*) Aside from these factual allegations, Plaintiff did not include any other factual allegations of retaliatory behavior in his Complaint. Plaintiff brings suit under 42 U.S.C. § 1983 and § 363A.12 of the MHRA against the Defendants in their official and individual capacities. (Doc. No. 1-2; Doc. No. 4 at 1–2.) He seeks $2,300,000 in monetary compensation for his claims. (Doc. No. 1 at 4.)

## II.    ANALYSIS

### A.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court accepts as true all factual allegations, however, the Court need not accept as true conclusory allegations or legal conclusions "couched as factual allegations." *Hager v. Arkansas Dep't. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

### B.   Plaintiff's retaliation claims

The Ramsey County Defendants argue that Plaintiff's retaliation claims fail because they are barred by the Prison Litigation Reform Act ("PLRA"). (Defs.' Mem. 4–6.) Alternatively, the Ramsey County Defendants argue that Plaintiff's retaliation claims fail against (1) Defendants Bostrom, Paget, and Metusalem (in their individual capacities) because they were not personally involved in the alleged retaliatory behavior and are entitled to qualified immunity, and (2) Defendant Ramsey County and Defendants Bostrom, Paget, Metusalem, and Rodriguez (in their official capacities) because Plaintiff has not alleged any unconstitutional county custom, practice, or policy that was violated. (*Id.* at 6–11.) In response, Plaintiff filed several submissions that largely consist of additional factual allegations, argue claims that this Court has already dismissed, and assert allegations against other parties who are not (or are no longer) Defendants in this matter. (Doc. Nos. 128–31.)

Though "a court should accord a *pro se* complaint a liberal construction," it "may not consider materials outside the complaint in deciding a motion under Rule 12(b)(6)." *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986). Moreover, "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quotation

4

omitted). Accordingly, for purposes of consider the motion to dismiss, this Court does not consider any of the new factual allegations Plaintiff makes in his responsive filings to the motion to dismiss. *See Hari v. Smith*, No. 20-CV-1455 (ECT/TNL), 2022 WL 1122940, at *9 (D. Minn. Jan. 31, 2022) (concluding that a pro se plaintiff's new factual allegations made in his response to the defendants' motions to dismiss should not be considered because they were not properly before the court), *report and recommendation adopted*, 2022 WL 612100 (D. Minn. Mar. 2, 2022).

### 1. Physical injury under the Prison Litigation Reform Act

The Ramsey County Defendants first argue that Plaintiff's retaliation claims should be dismissed because Plaintiff has failed to allege a sufficient physical injury under the PLRA, codified at 42 U.S.C. § 1997e. Under the PLRA, a current or former inmate[3] cannot maintain a federal action for compensatory damages for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The Eighth Circuit has held that this statute applies to "all federal actions brought by prisoners," including those alleging constitutional violations. *Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir. 2012) (concluding that the PLRA precluded recovery of compensatory damages because the prisoner's free-

---

[3] This Court has already concluded that the PLRA applies to Plaintiff's Complaint because he was in custody (and thus an inmate) at the time he filed his Complaint. (*See* Doc. No. 104 at 16.)

5

exercise claims contained no allegation of physical injury) (quoting *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004)).

This Court has already found that Plaintiff has failed to allege in his Complaint any physical injury. (*See* Doc. No. 104 at 17.) Instead, Plaintiff alleges that, in retaliation for his grievance filings, he was threatened with segregation, restraints, and physical violence. (*See* Doc. No. 1-1 at 15.) But threats do not constitute a factual allegation of physical injury. *See McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("[A] prisoner must allege or prove more than mental or emotional injury. We interpret the PLRA to require more than a de minimis physical injury."). Placement in segregation also does not constitute a physical injury. *See Kautzky*, 375 F.3d at 723–24 (concluding that the plaintiff did not suffer a physical injury when placed in segregation as retaliation for filing numerous complaints and grievances); *see also Jackson v. Mike-Lopez*, No. 17-CV-4278 (JRT/BRT), 2018 WL 6696296, at *5 (D. Minn. Dec. 20, 2018) (same), *report and recommendation adopted*, 2019 WL 430855 (D. Minn. Feb. 4, 2019). Thus, this Court concludes that Plaintiff is barred under the PLRA from recovery of compensatory damages. And because Plaintiff's Complaint seeks only compensatory damages and the PLRA bars him from the only relief he requests, this Court recommends that Plaintiff's retaliation claims be dismissed.

### 2. Retaliation claims against Defendants Bostrom, Paget, and Metusalem (individual capacities)

In addition to arguing that Plaintiff's retaliation claims should be dismissed under the PLRA, the Ramsey County Defendants also contend, in the alternative, that the

6

individual capacity claims against Defendants Bostrom, Paget, and Metusalem should be dismissed because (a) Plaintiff has not sufficiently alleged any factual allegations that Defendants Bostrom, Paget, and Metusalem were personally responsible for any retaliatory behavior, and (b) any alleged constitutional violation was not clearly established, and therefore Defendants Bostrom, Paget, and Metusalem are entitled to qualified immunity.

### a. Personal involvement

The Ramsey County Defendants contend that Plaintiff fails to allege facts that Defendants Bostrom, Paget, and Metusalem were directly involved in any alleged retaliatory conduct. To prevail under a § 1983 claim against an individual defendant, a plaintiff must show that the individual was "personally involved" in the violation alleged in the lawsuit. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *see also Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1033 (D. Minn. 2013) (finding the plaintiff's § 1983 claim failed where the plaintiff did not proffer "sufficient evidence of personal involvement" of the named defendants in his complaint). Here, because Plaintiff alleges a retaliation claim, Plaintiff must allege sufficient facts demonstrating Defendants Bostrom, Paget, and Metusalem were personally involved in retaliating against him for filing his grievances. Specifically, Plaintiff must allege facts sufficient to show that: (1) he exercised a constitutional right; (2) Defendants Bostrom, Paget, and Metusalem took adverse action toward him; and (3) it was Plaintiff's exercise of a constitutional right that was the motive for the adverse action. *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009) (citing *Meuir v. Greene Cty. Jail Employees*, 487 F.3d 1115, 1119 (8th

7

Cir. 2007)). An allegation of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996).

Plaintiff alleges in his Complaint that Bostrom, Paget, and Metusalem committed "Retaliation in Violation of the Civil Rights Act of 1991[,] 42 USC 1981, 42 USC 1983 Civil Rights Act." (Doc. No. 4 at 1.) However, Plaintiff has not alleged any *facts* in his Complaint that Defendants Bostrom, Paget, and Metusalem took adverse action against him for filing his grievances. Instead, the only facts he alleges demonstrating any kind of retaliatory behavior involve Defendant Rodriguez and an unknown officer who is not a named Defendant in this matter. (*See* Doc. No. 1-1 at 15.) Otherwise, Plaintiff only asserts the conclusory claim for retaliation against Defendants Bostrom, Paget, and Metusalem quoted above. (*See* Doc. No. 4 at 1.) Plaintiff argues in his responsive filings that Defendants Paget and Bostrom are liable by virtue of their general responsibility for jail operations. (*See* Doc. No. 129 at 3; Doc. No. 131 at 1–3.) But general responsibility for jail operations is insufficient to establish personal involvement. *See Dahl v. Weber*, 580 F.3d 730, 733–34 (8th Cir. 2009).

Therefore, this Court recommends that Plaintiff's retaliation claims against Defendants Bostrom, Paget, and Metusalem in their individual capacities be dismissed for lack of allegations of personal involvement. *See, e.g.*, *Blevins v. Schnell*, No. 20-CV-1194 (NEB/KMM), 2021 WL 5088164, at *6 (D. Minn. Sept. 15, 2021) (finding that the plaintiff's retaliation claim should be dismissed where the plaintiffs failed to allege that defendants were personally involved in the alleged retaliatory behavior), *report and recommendation adopted*, 2021 WL 5087550 (D. Minn. Nov. 2, 2021).

### b. Qualified immunity

The Ramsey County Defendants also argue that Plaintiff's retaliation claims against Defendants Bostrom, Paget, and Metusalem in their individual capacities should be dismissed because they are entitled to qualified immunity. "Qualified immunity shields government officials from liability unless the conduct violates clearly established statutory or constitutional rights of which a reasonable person would know." *Ferguson v. Short*, 840 F.3d 508, 510 (8th Cir. 2016). When analyzing a claim of qualified immunity, courts examine "(1) whether the facts alleged or shown, construed most favorably to the plaintiffs, establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that the acts were unlawful." *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013). Because Plaintiff has failed to allege any facts demonstrating that Defendants Bostrom, Paget, and Metusalem participated in any retaliatory conduct, Plaintiff has failed to establish a "constitutional violation" relating to his retaliation claim. *See, e.g.*, *Hersi v. Weyker*, No. 16CV3714 (JNE/TNL), 2017 WL 3425694, at *7 (D. Minn. Aug. 9, 2017) ("Defendants are entitled to qualified immunity on all counts, because [the plaintiff's] complaint fails to plausibly allege a violation of his constitutional rights."). And because no constitutional violation is established, Defendants Bostrom, Paget, and Metusalem are entitled to qualified immunity as to Plaintiff's retaliation claim.

### 3. Retaliation claims against Ramsey County and the individual Ramsey County Defendants in their official capacities

The Ramsey County Defendants contend that Plaintiffs' retaliation claim also fails against Ramsey County and Defendants Bostrom, Paget, Metusalem, and Rodriguez in their official capacities because Plaintiff has failed to allege that any retaliation was caused by an unconstitutional county custom, practice, or policy. (Defs.' Mem. 10–11.) For Plaintiff to pursue a claim against Ramsey County (or against the individual Ramsey County Defendants in their official capacities), he must allege facts that demonstrate that Ramsey County had a policy or custom that led to the violation of his constitutional rights. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978); *see also Davison v. City of Minneapolis*, 490 F.3d 648, 659 (8th Cir. 2007) (finding that a city "may be held liable under section 1983 . . . if one of its customs or policies cause the violation of" the plaintiff's constitutional rights). Plaintiff does not allege any facts in his Complaint that would demonstrate the existence of a policy or custom that caused the alleged retaliation.[4] Therefore, this Court recommends dismissal of any claims against Ramsey County and the individual Ramsey County Defendants in their official capacities. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (explaining that a plaintiff that "alleged no facts in his complaint that would demonstrate the existence of

---

[4]  In one of his responses to the Ramsey County Defendants' motion to dismiss, Plaintiff mentions an "unconstitutional county practice" caused him to be retaliated against. (Doc. No. 130 at 2; Doc. No. 131 at 3.) But not only does Plaintiff fail to point to what policy he is referring to, this additional factual allegation appears outside Plaintiff's Complaint, which this Court, for the reasons already stated above, will not consider.

a policy or custom by [the municipality] that caused [the alleged] deprivation" fails to state a *Monell* claim).

### C. Plaintiff's MHRA claim

In addition to his federal retaliation claim under § 1983, Plaintiff also alleges a state law claim under § 363A.12 of the MHRA based on what he alleges are the Ramsey County Defendants' racially discriminatory actions of ignoring, deleting, or failing to act upon his grievances. (Doc. No. 1-1 at 2, 6, 12, 15, 25, 29–30; Doc. No. 1-2 at 1.) The Ramsey County Defendants argue that, if the Court dismisses Plaintiff's federal retaliation claim (over which it has original jurisdiction), it should decline to exercise jurisdiction over Plaintiff's MHRA state law claims. Section 1367(c)(3) specifically provides that district courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Here, because this Court recommends that Plaintiff's retaliation claim be dismissed, this Court also recommends that the Court should decline to exercise jurisdiction over Plaintiff's MHRA state law claims. *See, e.g.*, *Jackson v. Ramsey Cnty. Adult Det. Ctr.*, No. 21-CV-0929 (DSD/HB), 2022 WL 2374666, at *10 (D. Minn. May 28, 2022) (recommending that the Court decline supplemental jurisdiction of Plaintiff's MHRA and other state law claims), *report and recommendation adopted*, 2022 WL 2374131 (D. Minn. June 30, 2022).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Ramsey County Defendants' motion to dismiss (Doc. No. 121) be **GRANTED**; and

2. Plaintiff's remaining retaliation and MHRA claims be **DISMISSED WITHOUT PREJUDICE**.

Dated: August 17, 2022                *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).