UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WILBERT GLOVER, | Case No. 18-CV-285 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| MATT BOSTROM, DAVE METUSALEM, JOE PAGET #9, SERGEANT RICHARD RODRIGUEZ; and COUNTY OF RAMSEY SHERIFF, | |
| Defendants. | |

Wilbert Glover brings *pro se* claims for retaliation and violation of the Minnesota Human Rights Act ("MHRA") against Matt Bostrom, Dave Metusalem, Joe Paget, Sergeant Richard Rodriguez, and the "County of Ramsey Sheriff Manager's Office" ("Defendants"). (ECF No. 15 at 1.) Defendants move to dismiss Glover's federal retaliation claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and they move to dismiss his state-law claim for lack of supplemental jurisdiction. (ECF No. 121.) In a Report and Recommendation ("R&R"), United States Magistrate Judge Becky R. Thorson recommends that this Court grant Defendants' motion. (ECF No. 135 ("R&R").) Glover objects. (ECF Nos. 136–39, 142.) After a *de novo* review, the Court overrules Glover's objections, accepts the R&R, and grants Defendants' motion to dismiss.

## BACKGROUND

The R&R details the factual and procedural history of this case, which are undisputed. (R&R at 2–3.) The Court incorporates the R&R's summary and repeats only the facts necessary for context.

Glover alleges that various correctional officers, who are not defendants, racially harassed him when he was detained at Ramsey County Adult Detention Center ("ADC"). (*Id.* at 2.) Glover filed several internal grievances with Defendants. (*Id.*) Dave Metusalem was an Undersheriff of the Court Security Services Division of the Ramsey County Sherriff's Office. (*Id.* at 2 n.2.) Joe Paget and Richard Rodriguez were officers in the ADC. (*Id.*) And Matt Bostrom served as the Sheriff of Ramsey County. (*Id.*)

The Court granted summary judgment to Defendants. (ECF No. 105.) Glover appealed, and the Eighth Circuit affirmed this Court's summary-judgment order and remanded the case for consideration of Glover's two remaining claims. *Glover v. Bostrom*, 31 F.4th 601, 606 (8th Cir. 2022). First, Glover alleges that Defendants violated Section 363A.12 of the MHRA by failing to properly address his grievances. (R&R at 2.) Second, Glover asserts that Defendants retaliated against him for filing those grievances. (*Id.*) He alleges that Rodriguez and an unidentified officer threatened to put Glover in segregation if he filed more grievances. (*Id.* at 2–3.) And he asserts that Rodriguez threatened him with "physical violence." (*Id.* at 3.) Glover seeks $2,300,000 in damages. (*Id.*)

Defendants move to dismiss Glover's retaliation claim under Rule 12(b)(6). (ECF No. 121.) They argue that Glover is barred from recovering compensatory damages under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. Section 1997e *et seq.*, because he did not allege a physical injury. (ECF No. 123 at 4–6.) Defendants also move to dismiss Glover's MHRA claim for lack of supplemental jurisdiction. (*Id.* at 12.) In the R&R, Judge Thorson recommends that this Court grant Defendants' motion. (R&R at 12.) On the retaliation claim, the R&R reasons that Glover did not allege that he had a physical injury, a requirement under the PLRA. (*Id.* at 5–6.)[1] On the remaining MHRA claim, the R&R recommends that this Court decline to exercise supplemental jurisdiction. (*Id.* at 11.)

Glover objects—in five filings—to the R&R's recommendation on his retaliation claim. In his first three objections, Glover asserts that Rodriguez, Paget, and Bostrom each personally retaliated against him. (ECF Nos. 136, 137, 138.) In his fourth objection, Glover argues that the PLRA does not apply because he was not incarcerated when this case was

---

[1] In the alternative, the R&R recommends dismissing Glover's individual-capacity claims on qualified-immunity grounds. (R&R at 9.) And it recommends dismissing Glover's official-capacity claims because Glover has not alleged facts supporting a policy or custom of retaliation. (*Id.* at 10–11.) The PLRA issue is dispositive, and Glover does not specifically object to the R&R's alternative recommendations, so the Court need not address them. Even so, after a *de novo* review, the Court agrees that Glover's individual- and official-capacity claims fail for the reasons stated in the R&R.

"heard . . . for the first time."[2] (ECF No. 139 at 1.) Fifth, Glover contends that Defendants' response to Glover's objections to the R&R was untimely.[3] (ECF No. 142.)

## ANALYSIS

The Court reviews *de novo* the portions of the R&R to which Glover objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and draws all reasonable inferences from those facts in the light most favorable to the plaintiff. *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). When the party objecting to an R&R is *pro se*, the Court construes the objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must plead enough factual content "to raise a right to relief above the speculative level." *Id.* at 555. "'[T]hreadbare recitations of the elements of a cause of action supported by mere

---

[2] In his fourth and fifth objections, Glover also makes vague allegations that Judge Thorson was biased against him. (ECF No. 139 at 1; ECF No. 142 at 3.) He does not substantiate his allegations with any facts. The Court overrules this objection.

[3] Under Local Rule 72.2(b)(2), a party has 14 days to respond to an objection to an R&R after being served a copy of the objection. Defendants were notified of Glover's first four objections on August 29, 2022, when the objections were entered into the CM/ECF system. (ECF Nos. 136–39.) Defendants filed a response on September 12, 2022. (ECF No. 140.) That is within 14 days. The Court overrules Glover's fifth objection.

4

conclusory statements' are not entitled to a presumption of truth when considering a" Rule 12(b)(6) motion. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (per curiam) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This is a "context–specific" inquiry that requires the Court to "draw on its judicial experience and common sense." *Id.* (citation omitted). Although the Court construes *pro se* complaints liberally, litigants must still allege "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Court first addresses Glover's various objections to the R&R's recommendation that the Court dismiss his retaliation claim. It then turns to Glover's remaining state-law claim under the MHRA.

## I. Retaliation Claim

Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). The PLRA applies to "all federal actions brought by prisoners." *Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir. 2012) (citation omitted). But it is limited to only those litigants who are in custody when they file a lawsuit. *Doe v. Washington Cnty.*, 150 F.3d 920, 924 (8th Cir. 1998). Glover filed his complaint when he was an inmate at the Minnesota Correctional Facility in Faribault, Minnesota, so the PLRA applies to his retaliation claim. (*See* ECF No. 1 at 1, 6 (listing Glover's mailing address as MCF-Faribault); ECF No. 1-3.) Glover has not

alleged that he experienced any physical injury. *See McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) (noting that prisoners must allege "more than mental or emotional injury"); *Royal v. Kautzky*, 375 F.3d 720, 722–23 (8th Cir. 2004) (reasoning that a prisoner's placement in segregation was not a physical injury). The Court therefore agrees with the R&R that his retaliation claim should be dismissed.

In Glover's first three objections, he makes new factual allegations about his time at ADC. The alleged conduct, if true, is awful. But the Court may not consider materials outside the complaint when deciding a Rule 12(b)(6) motion to dismiss. *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986). In Glover's fourth objection, he argues that the PLRA does not apply because he was not incarcerated when this case was first heard. Glover misstates the law. As discussed, what matters is whether Glover was a prisoner when he brought his lawsuit, not when the Court held its first hearing.

## II.   MHRA Claim

Glover did not object to the R&R's recommendation that the Court dismiss his remaining state-law claim. Even if he had, the Court agrees with the R&R. Under 28 U.S.C. Section 1367(c)(3), if "the district court has dismissed all claims over which it has original jurisdiction," the Court "may decline to exercise supplemental jurisdiction." With no surviving federal claims, dismissal of Glover's MHRA claim is appropriate.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Glover's First Objection (ECF No. 136) is OVERRULED;

2. Glover's Second Objection (ECF No. 137) is OVERRULED;

3. Glover's Third Objection (ECF No. 138) is OVERRULED;

4. Glover's Fourth Objection (ECF No. 139) is OVERRULED;

5. Glover's Fifth Objection (ECF No. 142) is OVERRULED;

6. The Report and Recommendation (ECF No. 135) is ACCEPTED;

7. Defendants' Motion to Dismiss (ECF No. 121) is GRANTED; and

8. Glover's remaining retaliation and MHRA claims are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 6, 2023

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge